**UNITED STATES**

v.

**Private (E–2) Clifford W. KILLSCROW, 503–62–5383, U. S. Army, U. S. Army Personnel Control Facility, U. S. Army Garrison, Fort Carson, Colorado.**

**SPCM 10902.**

U. S. Army Court of Military Review.

29 Aug. 1975.

**616**

Appellate counsel for the Accused: CPT David A. Shaw, JAGC; CPT Albert T. Berry, JAGC; LTC James Kucera, JAGC; COL Victor A. De Fiori, JAGC.

Appellate counsel for the United States: CPT Robert L. Powell, JAGC; CPT Gary F. Thorne, JAGC; LTC Donald W. Hansen, JAGC.

### OPINION OF THE COURT

PER CURIAM:

The accused was convicted upon his plea of guilty before a special court-martial of absence without leave. The approved sentence appears above.

■ A verbatim record of trial which has been properly authenticated is required in a general court-martial case or a special court-martial which can adjudge a bad-conduct discharge when the sentence adjudged exceeds that which can be adjudged by a regular special court-martial. (Paras. 82b, 82f, and 83a, Manual for Courts-Martial, United States, 1969 (Revised edition)). As the sentence adjudged in this case exceeded the jurisdictional limitations of a regular special court-martial, it was error not to prepare a properly authenticated verbatim record.

■ This Court does not decide at this time whether a video tape can be construed to be a verbatim record. We do hold the record before us is inadequate for appellate review due to the lack of implementing regulations which include a method to confirm the validity of the video tapes to the authentication process. In addition, a procedure is required to authorize a person (reporter as defined in para. 49, MCM, 1969,

(Rev.)) to be sworn and to have performed the preparation and control of the tapes during and after trial. Furthermore, adequate procedures for compliance with the provision of Article 54c, Uniform Code of Military Justice, must be developed.

A viewing of these tapes which showed the presence of a sworn court reporter indicates to this Court the possibility that a properly authenticated verbatim record can still be made available in this case.

Accordingly, the action of the convening authority, dated 26 November 1974, is hereby set aside. The record of trial is returned to The Judge Advocate General for a new review and action by the same staff judge advocate and convening authority.

CARNE, MITCHELL and MOUNTS, Appellate Military Judges, concur.